UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALEXANDER J. SCARGALL,

        Plaintiff,

v.                                          Case No. 03-C-205

GENERAL MOTORS CORPORATION,

        Defendant.

**ORDER GRANTING MOTION IN LIMINE**

      This dispute over a former employee's attempt to exercise certain stock options under his employer's Stock Incentive Plan is currently set for a jury trial on September 12, 2005. Plaintiff Alexander Scargall has filed a motion in limine seeking an order precluding Defendant General Motors Corporation (GM) from presenting evidence of and referring to matters related to the complaint of sexual harassment against him which led to his initial discharge. Scargall argues that evidence of sexual harassment is irrelevant to the remaining issues in the case and is therefore not admissible under Fed. R. Evid. 402. In the alternative, Scargall argues that even if the evidence is marginally relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury and by considerations of undue delay and waste of time, and should be excluded under Fed. R. Evid. 403. Rule 401 of the Federal Rules of Evidence states that relevant evidence is any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

This action involves an effort by Scargall to exercise certain stock options he was granted under a Stock Incentive Plan maintained by GM. Scargall began his employment with GM in 1971. In 2000, he was discharged for cause after twenty-nine years of service, due to allegations of sexual harassment. Because his discharge was for cause, Scargall was informed he would lose his GM stock options. After appealing to the graces of his employer, and several weeks of negotiations, GM agreed to give Scargall the opportunity to complete thirty years of credited services, thereby making him eligible for voluntary retirement under the GM Retirement Program. Scargall was also given the right to retain the stock options he had already been granted subject to the terms of the Plan. Upon reaching thirty years of service Scargall resigned. Following his departure from GM, Scargall attempted to exercise his options. When he did so, GM informed Scargall that the options had terminated when he voluntarily retired from the company. Scargall then initiated this action, suing GM for breach of contract. Both parties later moved for summary judgment. In an order dated March 30, 2005 I denied the motions on the ground that a factual dispute existed as to whether Scargall was informed that his stock options would terminate upon his retirement. I concluded that if he had not been informed of this fact, a factfinder could conclude that GM had acted arbitrarily and in bad faith in terminating his stock options.

GM argues that the allegations of sexual harassment go directly to this remaining issue because, in determining whether GM's conduct was arbitrary, it is necessary for the fact finder to fully understand the circumstances that led to the plaintiff's termination from GM for cause and that per GM policy, upon discharge for cause, all stock options terminate.

2

Although the sexual allegations may go to show the circumstances which led to Scargall's initial termination, it is doubtful that this is relevant to the remaining issue. Scargall does not challenge his initial termination. In fact, Scargall has essentially stipulated to the fact that GM was justified in terminating him for cause and that upon termination for cause his stock options cease. (Mot. in limine at 1.) Rather, what remains at issue is the contract which was formed between Scargall and GM after Scargall was terminated for cause. The allegations of sexual harassment clearly have no bearing on this issue.

Assuming arguendo that the allegations could be relevant, I find that any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay and therefore should not be admitted. *See* Fed. R. Evid. 403. "Sexual harassment, like other forms of discrimination and personal abuse, 'deservedly carries a unique stigma in our society,' and courts, therefore, should exercise caution in allowing its introduction when its probative value is relatively weak." *Ortega v. O'Connor*, 146 F.3d 1149, 1165 (9th Cir. 1998) (citation omitted). This case involves a breach of contract, a contract that was formed subsequent to Scargall's initial termination for cause. Facts that precede this contract could only be useful as background. While background information can be relevant, because of the nature of the allegations and the de minimis relevance of the reason for discharge to the agreement reached by the parties to the case, it will not be allowed.

Admitting this evidence could also result in confusion of issues and undue delay. Scargall asserts that if the conduct that led to his termination is to be an issue in the case, he would want to place it in context by introducing evidence that his conduct was not as egregious as GM claims. This would include evidence that there was a history of the person he was accused of harassing using coarse and vulgar language with him and that he did not realize she would be offended by his

3

comments. In addition, Scargall contends he would need to conduct further discovery if his alleged sexual harassment is to be an issue at trial. Based on this, I conclude that allowing this evidence would significantly lengthen the trial and risk confusion of the jury. For this reason too I conclude under Fed. R. Evid. 403 that evidence of sexual harassment by Scargall should be excluded from trial.

There is no dispute that GM initially terminated Scargall for cause, and that is all the jury needs to know. The question of what his rights were under the post-discharge agreement and the Stock Incentive Plan is separate and distinct from whether he was guilty of sexual harassment. Accordingly, Scargall's motion in limine is granted and GM is not to present evidence or refer to the reasons for its initial termination of Scargall at trial absent further order of the court.

**SO ORDERED.**

Dated this 8th day of June, 2005.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge